**PUBLISH**

UNITED STATES COURT OF APPEALS

**Filed 7/5/96**

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH CODY JACKSON,

Defendant - Appellant.

No. 95-5084

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 94-CR-83-B)

---

Jeffrey D. Fischer, Tulsa, Oklahoma, for Defendant - Appellant.

Allen J. Litchfield, Assistant United States Attorney, Tulsa, Oklahoma (Stephen C. Lewis, United States Attorney, and Ann P. Dooley, Assistant United States Attorney, Tulsa, Oklahoma, with him on the brief), for Plaintiff - Appellee.

---

Before ANDERSON, McKAY and MURPHY, Circuit Judges.

---

McKAY, Circuit Judge.

---

Defendant Kenneth Cody Jackson appeals from his conviction for carjacking and related firearm offenses. He argues that his trial counsel was ineffective and that the

district court impermissibly allowed the introduction of hearsay evidence used to identify him. We affirm Mr. Jackson's conviction for the reasons that follow.

The government presented the following evidence at trial. The carjacking victim was talking on a pay phone at a Circle K convenience store when a man came up behind him with a chrome-colored snub-nose revolver and demanded the keys to his car. The carjacker was wearing an open-face ski mask and a blue jacket. While the carjacker was holding the revolver to the victim's head, a nearby eyewitness yelled out, "Kenny, don't do it!" After taking money from the victim, the carjacker sped away in his newly acquired automobile.

The police were soon notified and quickly spotted the stolen car. Police officers gave chase. The carjacker jumped from the car and fled on foot. Although the officers pursued him, they were unable to apprehend him at that time. Nevertheless, three officers had gotten a good look at the carjacker's face and later were able to identify him as the defendant in this case. The police recovered from the car a snub-nose revolver and a ski mask. They also recovered a blue jacket which had been discarded by the carjacker during the foot chase. Inside the jacket the officers found a pager. One officer retained possession of the pager and had it with him while filling out a report on the carjacking. The pager went off and displayed a telephone number. The officer called the number and heard a female voice say, "Is this Kenny?" This statement as well as the statement, "Kenny, don't do it!" were admitted against Mr. Jackson over his objection. The jury

2

convicted Mr. Jackson of all charges against him.

Mr. Jackson first argues that his trial counsel provided ineffective assistance. Normally, we do not allow ineffective assistance of counsel claims to be raised on direct appeal. We see no reason to deviate from this rule in the case at bar. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995). Related to Mr. Jackson's ineffective assistance claim is his argument that the district court should have held an evidentiary hearing on his motion for a new trial based on newly discovered evidence.[1] The alleged new evidence was Mr. Jackson's belief that his trial counsel provided ineffective assistance. The district court denied Mr. Jackson's motion.

"Ineffective assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial." United States v. Miller, 869 F.2d 1418, 1421 (10th Cir. 1989). Mr. Jackson does not argue that Miller is not applicable. Rather, he asks us to reconsider our holding in that case. We decline this invitation. We hold that the district court did not err when it refused to hold an evidentiary hearing regarding Mr. Jackson's motion for a new trial.

Mr. Jackson next argues that the statement, "Kenny, don't do it!" was inadmissible

---

[1]In addition to his motion for a new trial, Mr. Jackson moved in the alternative for habeas corpus relief pursuant to 28 U.S.C. § 2255. The district court correctly denied this motion as untimely because Mr. Jackson had not yet been sentenced.

3

hearsay and that its introduction violated his Sixth Amendment right to confront adverse witnesses. At trial, the government introduced this statement through the testimony of the carjacking victim who overheard the exclamation rather than through the eyewitness who uttered the statement. The district court allowed the testimony to come in as an "excited utterance" under Fed. R. Evid. 803(2). Here, the statement, "Kenny, don't do it!" was made while the declarant witnessed the carjacker place a gun to the victim's head. This clearly falls within the purview of Rule 803(2) which provides that a statement related to a startling event is admissible if the declarant was under the stress of excitement caused by the startling event while making the statement.

Furthermore, no Sixth Amendment violation occurred. In general, a hearsay exception that has sufficient indicia of reliability does not violate the Sixth Amendment's Confrontation Clause. "Firmly rooted" exceptions are normally considered sufficiently reliable. White v. Illinois, 502 U.S. 346, 355 n.8 (1992). Rule 803(2) is itself a firmly rooted hearsay exception. Id. Thus, no constitutional violation occurred.[2]

---

[2]Mr. Jackson seeks to attack the reliability of this hearsay testimony by introducing grand jury testimony and information in an FBI report. This evidence, however, was never introduced at trial or presented to the district court. Thus, we may not consider it because it is not part of the record on appeal. See Fed. R. App. P. 10(a).

We also point out that Mr. Jackson has not asserted that the declarant was unavailable. Given the fact that Fed. R. Evid. 806 would have allowed Mr. Jackson to call the declarant as a witness and cross-examine him, it is hard to see how any unreliability in the hearsay statement would have violated Mr. Jackson's right to confront adverse witnesses. See United States v. Inadi, 475 U.S. 387, 397-98 & n.8 (1986).

4

Finally, Mr. Jackson argues that the district court impermissibly allowed the introduction at trial of the declaration, "Is this Kenny?". The district court admitted the declaration as non-hearsay pursuant to Fed. R. Evid. 801(d)(1)(C) or as an exception to the hearsay rule under Fed. R. Evid. 803(24). On appeal, the government does not contest Mr. Jackson's argument that neither rule applies. Rather, the government argues that the declaration was non-hearsay because it was not a statement within the meaning of Rule 801(a)(1) and (c).

As an initial matter, we point out that evidence does not become inadmissible simply because the district court relied on an erroneous reason for admitting it. So long as the evidence is admissible under some legally correct theory, no error occurred. Navajo Freight Lines, Inc. v. Mahaffy, 174 F.2d 305, 307 (10th Cir. 1949); see also Cayce v. Carter Oil Co., 618 F.2d 669, 677 (10th Cir. 1980) (appellate court may affirm rulings of district court "on any ground that finds support in the record, even where the lower court reached its conclusions from a different or even erroneous course of reasoning").

In this case, the evidence was admissible because it was non-hearsay under Rule 801(a)(1) and (c). Rule 801(c) provides that "'Hearsay' is a statement . . . offered in evidence to prove the truth of the matter asserted." A "statement" is defined in Rule 801(a)(1) as "an oral or written assertion." Although "assertion" is not defined in Rule 801, the advisory committee notes state that "nothing is an assertion unless intended to be

5

one." Fed. R. Evid. 801 advisory committee's note. The question, "Is this Kenny?" cannot reasonably be construed to be an intended assertion, either express or implied. Were we to construe this question completely in Mr. Jackson's favor, it might be possible to imply that the declarant believed Mr. Jackson was in possession of the pager and therefore he was the person responding by telephone to the declarant's message. The mere fact, however, that the declarant conveyed a message with her question does not make the question hearsay. See United States v. Long, 905 F.2d 1572, 1580 (D.C. Cir.), cert. denied, 498 U.S. 948 (1990). As the D.C. Circuit pointed out in Long, "[i]t is difficult to imagine any question . . . that does not in some way convey an implicit message." Id. Rather, the important question is whether an assertion was intended. Id. We find it hard to believe in this case that the declarant intended to assert that Mr. Jackson was in possession of the pager and that he was responding to her call. If any doubt remains, we believe it is resolved by the fact that Rule 801 places "the burden upon the party claiming that the intention [to make an assertion] existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility." Fed. R. Evid. 801 advisory committee's note. Mr. Jackson has not met this burden. We hold that the district court did not err when it overruled Mr. Jackson's hearsay objection.

AFFIRMED.