**KW PLASTICS, et al., Plaintiffs,**

v.

**UNITED STATES CAN CO., Defendant.**

**United States Can Co., Plaintiff,**

v.

**N. Kenneth Campbell, et al., Defendants.**

Nos. Civ.A. 99–D–286–N, Civ.A. 99–C–878–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 2, 2001.

---

116. *See* Deposition of Angela Lee Houston at 42–43, 93–94.

117. *See id.* at 85, 97.

118. *See* HealthSouth's brief, filed May 22, 1998, at 18.

Matt D. Basil, Ross B. Bricker, Andrew A. Jacobson, John F. Ward, Jr. Jenner & Block, Chicago, IL, N.J. Cervera, Grady A. Reeves, Cervera, Ralph & Butts, Troy, AL, for Plaintiffs.

Robert E. Battle, Stephen J. Bumgarner, D. Frank Davis, Gerald P. Gillespy, John E. Norris, Burr & Forman, Birmingham, AL, Deborah S. Bussert, Rachel Feldstein, Anthony C. Valiulis, Much, Shelist, Freed, Denenberg, Ament, Bell & Rubenstein, Chicago, IL, for Defendant.

## ORDER

DE MENT, District Judge.

Before the court is KW Plastics' Motion In Limine #5 To Exclude Hearsay Statements And Statements Not Based On Personal Knowledge. U.S. Can has responded to the same. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that the motion is due to be granted in part, denied in part, and taken under advisement.

### I. FACTUAL BACKGROUND

In this epic struggle between two of the nation's largest suppliers of paint cans, U.S. Can brings claims of tortious interference and breach of contract against KW Plastics. KW is concerned that U.S. Can might offer various hearsay statements that it also feels are not grounded in personal knowledge of several witnesses. Accordingly, it asks the court to exclude the same. U.S. Can responds that the state-

ments may be relevant for various purposes, and it asks the court to reserve ruling until trial.

## II. DISCUSSION

The Federal Rules of Evidence forbid hearsay testimony that is "offered in evidence to prove the truth of the matter asserted." FED.R.EVID. 801(c). Yet there are a host of exceptions to this rule. One is the "state of mind" exception. Evidence is admissible to show the declarant's "then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, [or] design) ..." See FED.R.EVID. 803(3).

■ This exception is of value in tortious interference cases. Under Illinois law, a plaintiff must prove: (1) the legitimate expectancy of a valid business relationship or expectancy with a third party; (2) the defendant's knowledge of that expectancy; (3) the defendant's purposeful and malicious interference with the same; and (4) proximate harm. *See Small v. Sussman,* 306 Ill.App.3d 639, 239 Ill.Dec. 366, 713 N.E.2d 1216, 1223 (1999). Evidence bearing on the third party's contractual plans or designs around the time of the defendant's interference is relevant to determining whether the defendant's conduct is actionable. *See R.E. Davis Chem. Corp. v. Diasonics, Inc.,* 826 F.2d 678, 686 (7th Cir.1987) (factfinder should consider totality of the circumstances in evaluating defendant's conduct).

■ For example, statements by U.S. Can employee Donna Baltz that Behr officials told her that U.S. Can would receive the rings and plugs contract reflect upon the state of mind of Behr's decisionmakers.[1] Assuming that the statements were made somewhat contemporaneously as KW's alleged tortious interference, they would support the argument that Behr officials originally had one set of intentions, then were induced to act differently.

*See Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285, 12 S.Ct. 909, 912–13, 36 L.Ed. 706 (1892); *United States v. Veltmann,* 6 F.3d 1483, 1493–95 (11th Cir.1993). Thus, KW's Motion as to these statements is due to be denied.

■ There is one other statement by Baltz to which U.S. Can objects: her testimony that Behr executive Bill Pompeo stated, "I understand that U.S. Can is having trouble with the manufacture of the rings going to KW?" The court finds that this statement is due to be excluded.

■ Pompeo's statement, though phrased as a question, seems to have no relevance unless it is being offered to prove the matter asserted—namely, that U.S. Can was having quality control problems at its Bakersfield, Cal., facility. As KW observes, Baltz characterizes the statement as Pompeo's way "to give me a heads up that someone was talking about this ring problem." (Baltz's Dep. at 211–12.) Verbal conduct intended to assert a fact is hearsay, regardless of its formulation. *See* FED.R.EVID. 801 advisory committee's note. One cannot avoid the hearsay rule by tacking a question mark at the end of an essentially factual statement. My law clerk said that would be the end of the hearsay rule? *See, e.g., Powell v. State,* 714 N.E.2d 624, 626–27 (Ind.1999) (collecting cases). *Cf. United States v. Jackson,* 88 F.3d 845, 848 (10th Cir.1996).

Because KW has made an uncontested showing that Pompeo's statement was an express or implicit "statement," *see* FED. R.EVID. 801(a)(1), it will be excluded. If U.S. Can believes the testimony can be admitted on some grounds other than those considered by the court, then U.S. Can must make a strong offer of proof, outside the presence of the jury. Based on the foregoing, it is hereby CONSIDERED and ORDERED that KW's Motion In Limine # 5 be and the same is GRANT-

1. KW also moves to exclude various statements on the grounds that they are not based on personal knowledge. *See* FED.R.EVID. 602. The court will take these objections under advisement. *See United States v. Joy,* 192 F.3d 761, 767 (7th Cir.1999) (Rule 602 sets low standard for admissibility).

ED IN PART AND DENIED IN PART.
The court will take this matter under fur-
ther advisement.