KELLY, Circuit Judge,
concurring.
I concur in the court’s opinion with the exception of Part 11(C).
This court has previously made clear that “a district court can only admit eoeonspirator statements if it holds a James hearing or conditions admission on forthcoming proof of a predicate conspiracy through trial testimony or other evidence.” United States v. Townley, 472 F.3d 1267, 1273 (10th Cir.2007) (internal quotation marks omitted). In this circuit, we strongly prefer the former. Id. Unfortunately, the district court opted not to comply with this preference. In fact, the district court stated that it “respectfully disagreefd] with the Tenth Circuit about what is the best way to [assess statements offered pursuant to Fed.R.Evid. 801(d)(2)(E) ]. I think it’s a rare case where holding a James hearing is really worth doing, and I don’t think this is a case that it’s worth doing....” Tr. 31.
*1131 Opting to “provisionally admit subject to tying up,” Tr. 31, the court informed Mr. Cesareo-Ayala that he had sufficiently preserved his objection to the admission of Mr. Mendez’s statements through his motion in limine. Tr. 32; see also 1 Supp. R. (Doc. 57). The court further assured Mr. Cesareo-Ayala that he would “have an opportunity to be heard again [on the admission of those statements] before a final ruling by the court,” Tr. 32, that it would analyze the statements under Fed.R.Evid. 801(d)(2)(E), Tr. 32, and that it would likely apply a higher level of scrutiny to them because of their post-arrest nature, Tr. 30. As a result, Mr. Cesareo-Ayala did not object when the government moved to admit Mr. Mendez’s telephone statements into evidence. See Tr. 364, 370. Of course, the better practice would have been for Mr. Cesareo-Ayala to reinforce his objection at that time; however, in light of the district court’s prior assurances, Mr. Cesareo-Ayala’s failure to do so is certainly understandable and should not be construed as forfeited error. Notwithstanding its disagreement with Tenth Circuit policy, had the district court followed the “strongly preferred” James procedure, it would have avoided altogether the complications we now face. See Townley, 472 F.3d at 1273; United States v. Urena, 27 F.3d 1487, 1490-91 (10th Cir.1994). This is exactly the type of problem that would have benefitted from argument and a careful review by the district court.
That said, I turn now to the substance of Mr. Cesareo-Ayala’s arguments. First, I question whether any of Mr. Mendez’s statements occurring after his arrest would qualify as non-hearsay under Fed. R.Evid. 801(d)(2)(E).[1] Conspirator statements made after the conspiracy has ended are inadmissible under Rule 801(d)(2)(E) because they are not made in furtherance of the conspiracy. Krulewitch v. United States, 336 U.S. 440, 442-44, 69 S.Ct. 716, 93 L.Ed. 790 (1949). When the conspiracy’s objectives have been achieved or have been rendered impossible, the conspiracy has ended. See Wong Sun v. United States, 371 U.S. 471, 490, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Perez, 989 F.2d 1574, 1579 (10th Cir. 1993) (en banc). When a declarant coconspirator has been apprehended, his confession and admissions to law enforcement are not in furtherance of the conspiracy. Fiswick v. United States, 329 U.S. 211, 217, 67 S.Ct. 224, 91 L.Ed. 196 (1946). Here, Mr. Mendez’s post-arrest statements, made for the purpose of inculpating Mr. Cesareo-Ayala and assisting law enforcement, do not appear to be in furtherance of the conspiracy. See 4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence §§ 8.60, 8.61, 8.62 (3d ed.2007) (suggesting that a statement by an arrested coconspirator declarant is not made during the course of the conspiracy or in furtherance of it). But see United States v. Alonzo, 991 F.2d 1422, 1426 (8th Cir. 1993) (holding that it was not plain error to admit recorded statement of cooperating and arrested coconspirator because defendant’s statements were clearly in furtherance of the conspiracy and “a certain amount of otherwise inadmissible conversation may be admitted to avoid jury confusion.”).
Second, and more specifically, I am not so sure that Mr. Mendez’s statements in the first conversation were not hearsay. As the court notes and as is confirmed by the record, the government never argued *1132 in the district court that the statements were not hearsay, let alone that they should come in as background to understand Mr. Cesareo-Ayala’s statements. Tr. 30-31. I agree with Mr. CesareoAyala that several of Mr. Mendez’s statements were intended by Mr. Mendez to be assertions that Mr. Cesareo-Ayala was a drug supplier. Aplt. Reply Br. at 4. Specifically, the following:
• “Yes, I’ve got your money.”
• “I need two more.”
• “Yeah, two more of the Stuff. I’ll give you your stuff and you give me two more.”
1 Supp. R. at 1. As Mr. Cesareo-Ayala points out, “[Mr.] Mendez, knowing that law enforcement was listening to his conversation, was intending to make assertions for their benefit about the identity of the person on the telephone and the nature of their relationship.” Aplt. Reply Br. at 4. In other words, Mr. Mendez intended to inculpate Mr. Cesareo-Ayala for the benefit of law enforcement.
Thus, this case is readily distinguishable from those involving anonymous customer calls to a defendant engaged in the drug or bookmaking trade. See United States v. Rodriguez-Lopez, 565 F.3d 312, 314-15 (6th Cir.2009); United States v. Long, 905 F.2d 1572, 1579-80 (D.C.Cir.1990); United States v. Zenni, 492 F.Supp. 464, 466 (E.D.Ky.1980); see also United States v. Jackson, 88 F.3d 845, 848 (10th Cir.1996). In United States v. Summers, 414 F.3d 1287, 1300 (10th Cir.2005), we discussed Long and distinguished it on the basis that nothing suggested that the unidentified caller intended to assert that the defendant was engaged in narcotics distribution. Given that the evidence plainly suggests that Mr. Mendez intended to make such an assertion, Mr. Cesareo-Ayala had a reasonable argument that the government should not be permitted to offer these statements without allowing him the opportunity for cross-examination. See United States v. Reynolds, 715 F.2d 99, 103-04 (3d Cir.1983) (“[Statements containing express assertions may also contain implied assertions qualifying as hearsay and susceptible to hearsay objections.”). Allowing the government to do so results in a potential conflict with the Supreme Court’s holding in Crawford. See Crawford v. Washington, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (“Testimonial statements of witnesses absent from trial [can be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine.”). Perhaps the government could have offered another rationale for admissibility, such as background, see Alonzo, 991 F.2d at 1426-27, with an opportunity for the court to consider the danger of unfair prejudice or a limiting instruction. But the government did not and Mr. Cesareo-Ayala can hardly be faulted for not responding to an unknown purpose. Moreover, we recently commented that admission of the hearsay statements of law enforcement personnel to provide “context” for a defendant’s admissions has the potential for abuse: “Invoking the word ‘context’ does not permit an end-run around the hearsay rules such that the government may smuggle into evidence all interviewer statements.” United States v. Collins, 575 F.3d 1069, 1073-74 (10th Cir.2009). This is even more true when the declarant has become an instrument of law enforcement and the defendant cannot confront the declarant.
Regardless, I am persuaded that the admission of these statements did not have a substantial influence on the verdict and was harmless beyond a reasonable doubt. Fed.R.Crim.P. 52(a); United States v. Rivera, 900 F.2d 1462, 1469-70 (10th Cir.1990) *1133 (en banc). I therefore concur in the result the court has reached on this issue.

. It is clear that Mr. Cesareo-Ayala's statements are admissible as party admissions, Fed.R.Evid. 801(d)(2)(A), Townley, 472 F.3d at 1274, and also under Fed.R.Evid. 801(d)(2)(E), given the requisite findings, notwithstanding that Mr. Mendez was arrested. See United States v. Hamilton, 689 F.2d 1262, 1270 (6th Cir. 1982).