FILED
United States Court of Appeals
Tenth Circuit

January 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

REBEKAH KOOL,

      Defendant-Appellant.

No. 13-7033
(D.C. No. 6:12-CR-00056-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Defendant Rebekah Kool appeals her conviction for misprision of felony under

18 U.S.C. § 4. She was convicted by a jury of failing to notify authorities of, and

helping to conceal, her husband's violation of 18 U.S.C. § 2251(a), sexual

exploitation of a minor. She argues that the district court erred in admitting evidence

of (1) her husband's nonverbal reaction to a law-enforcement officer's statement, and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2) testimony about photographs that did not depict sexually explicit conduct.[1]

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Defendant's son and daughter found nude or sexually explicit photographs of Defendant's underage daughter and nieces on a home computer, taken while they were sleeping. One image included a hand moving the three-year old niece's diaper away to expose her vagina. The children recognized the hand as that of Defendant's husband, Mark Kool (their stepfather), because it had the letters "k-o-o-l" tattooed across the knuckles. The children showed these pictures to Defendant. She tried to prevent her son from calling the police to report the pornography, helped Mr. Kool delete the images from the computer, and helped smash and destroy the hard drives. Defendant did not report the crime to police and encouraged her children to lie about the photos. Law-enforcement officers were unable to recover any photos from the smashed computer and hard drives, but Defendant's son and daughter testified at trial about the images they had seen. Defendant was convicted of failing to report to authorities, and helping to conceal, that Mr. Kool had produced sexually explicit photographs of her minor daughter and nieces. She was sentenced to 30 months' imprisonment.

---

[1]  Defendant's statement of issues "further asserts that there was insufficient evidence to support the conviction of the Defendant." Aplt. Opening Br. at 2. But there is no further mention of this argument in Defendant's brief. Accordingly, we have not addressed this assertion. *See United States v. Berry*, 717 F.3d 823, 834 n.7 (10th Cir. 2013) ("Arguments raised in a perfunctory manner . . . are waived." (internal quotation marks omitted)).

We review the "district court's rulings on evidentiary matters and motions in limine for abuse of discretion." *Seeley v. Chase*, 443 F.3d 1290, 1293 (10th Cir. 2006). "We will not reverse a district court's ruling if it falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (brackets and internal quotations marks omitted).

## I. ADMISSION OF NONVERBAL CONDUCT

Lt. Timothy Keith testified that after he told Mr. Kool that one of the photographs had a hand with tattoos on it, Mr. Kool moved his hands from the interview table to under his armpits. Defendant argues that Mr. Kool's conduct of moving his hands constituted a hearsay testimonial statement, and—because Mr. Kool did not testify—its admission violated the Confrontation Clause. The district court ruled that Mr. Kool's act of placing his hands under his armpits was not an "assertion," and therefore not hearsay subject to the Confrontation Clause.

The Confrontation Clause prohibits the admission of hearsay statements that are testimonial unless the witness is unavailable to testify and the defendant had a prior opportunity for cross-examination. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004). To determine if the right to confrontation has been violated, this court first asks "whether the challenged evidence is hearsay." *United States v. Mendez*, 514 F.3d 1035, 1043 (10th Cir. 2008). Although the Supreme Court has not ruled on when nonverbal conduct constitutes hearsay under *Crawford*, we can assume that it

- 3 -

will adopt the same view as the Federal Rules of Evidence. Under those rules, nonverbal conduct cannot be hearsay unless it constitutes a statement, and it is a statement only if the declarant "intended it as an assertion." Fed. R. Evid. 801(a). "Rule 801 places the burden upon the party claiming that the intention to make an assertion existed." *United States v. Jackson*, 88 F.3d 845, 848 (10th Cir. 1996) (brackets and internal quotation marks omitted). Defendant did not meet that burden here. The district court ruled, "It is obvious that Mark Kool did not <u>intend</u> to assert anything by his action." R. Vol. 1, at 104.

On appeal Defendant argues that it was "improper for the trial court to make a judicial determination with regard to what Mark Kool's intent was." Aplt. Opening Br. at 9-10. We disagree. Federal Rule of Evidence 104(a) states that "[t]he court must decide any preliminary question about whether . . . evidence is admissible." "[O]ne of the most routine determinations made by district courts . . . [is] whether an out-of-court statement constitutes inadmissible 'hearsay' within the meaning of [Rule] 801." *United States v. Gonzales-Flores*, 701 F.3d 112, 117 (4th Cir. 2012). The determination of whether an assertion is intended "involves no greater difficulty than many other preliminary questions of fact." Rule 801(a) advisory committee's note. We perceive no error in the district court's determination here. It is obvious that Mr. Kool was not trying to convey that his were the hands in the picture.

We also reject Defendant's contention that the evidence was not relevant. Although Mr. Kool did not mean to admit that his hands were in the picture, a

reasonable juror could find that Mr. Kool's action involuntarily conveyed that message. Because the prosecution needed to prove Mr. Kool's criminal conduct to convict Defendant of misprision, his inadvertent admission was relevant and therefore admissible.

## II. ADMISSION OF OTHER TESTIMONY

Defendant complains about testimony by her son and daughter that they saw pictures of her daughter topless and in her bra taken from outside her bedroom window while she was sleeping. Defendant argues that the district court abused its discretion in allowing this testimony because the described pictures do not depict "sexually explicit" conduct under 18 U.S.C. § 2256(2)(A)(v) (defining such conduct, in relevant part, as "lascivious exhibition of the genitals or pubic area of any person"). She further argues that the pictures of her daughter had an unfair prejudicial effect because they "suggest[ed] an element of betrayal of a duty of trust and protection." Aplt. Opening Br. at 15.

The district court ruled the challenged testimony admissible because it was relevant to "prove motive, opportunity, intent, preparation, identity, absence of mistake or lack of accident," R. Vol. 1, at 105, and the relevance was not outweighed by any prejudicial effect. The court did not err in its ruling. Even if we assume that the testimony should be treated as evidence of other bad acts under Fed. R. Evid. 404(b), the evidence was relevant to explain the behavior of the children after viewing the images on the computer and to establish the lascivious intent with which

- 5 -

the pictures of the nieces were taken, the identity of the person taking the pictures, and the absence of accident in taking the pictures of the nieces. And we see no *unfair* prejudice to Defendant.

Defendant also challenges the admission of testimony by her son that he saw "more pornography" on the computer. Aplt. Opening Br. at 12. But she never cites the transcript pages for the allegedly improper testimony, so we cannot determine what she is objecting to. Although we did find references in her son's testimony to child pornography, all the references appear to be to the pictures of his sister and cousins. Defendant has not adequately presented any claims of error relating to "more pornography."

We affirm Defendant's conviction.

Entered for the Court


Harris L Hartz
Circuit Judge