NOT DESIGNATED FOR PUBLICATION

No. 122,282

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE MALLETT,
*Appellant*.


MEMORANDUM OPINION


Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed December 11, 2020. Affirmed.


*Jack Turner*, of Alma, for appellant.


*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., MALONE, J., and MCANANY, S.J.


PER CURIAM:  Nicole Mallett appeals her conviction of domestic battery following a bench trial. Mallett claim that (1) her constitutional rights were violated when she was not allowed to confront the complaining witness at trial; (2) the district court erred in admitting a surveillance video of the incident because it was inadmissible hearsay; and (3) the district court erred in finding that the State laid sufficient foundation to admit the surveillance video. Finding no error, we affirm the district court's judgment.

1

We will do our best to set forth the facts gleaned from the sketchy record on appeal. On March 23, 2019, Michael Agnew and his current girlfriend, Ava Savage, were at a Walmart store in Manhattan, Kansas. Agnew and Savage were heading back to their car to retrieve a receipt when Mallett, Agnew's ex-girlfriend, began chasing after them. Savage later testified that Agnew "was like, you're not gonna fight [with Savage], and [Mallett] was like oh, yes, I am. I'm going to hit her." Savage told Mallet that she was not going to fight with her. At that point, Mallet hit Agnew on the head with a bottle.

Riley County Police Officer Derek McKee was dispatched to the Walmart for a fight in progress. When he arrived, he learned the fight was between Mallett and Agnew. As part of his investigation, McKee interviewed Agnew and reviewed a surveillance video provided by Joey Hutchinson, a Walmart asset protection employee. The surveillance video included no audio.

The State later charged Mallett with misdemeanor domestic battery or, in the alternative, misdemeanor battery. On September 10, 2019, the magistrate judge held a bench trial and found Mallett guilty of misdemeanor domestic battery. The magistrate judge sentenced Mallett to 6 months in jail but granted 12 months' probation. Mallett timely filed a notice of appeal to the district court.

Before trial in district court, the State filed a motion in limine asking the district court to allow it to introduce the surveillance video over any objection to hearsay or a violation of the Confrontation Clause. Mallett responded and objected to the video being admitted as evidence. The district court held a hearing on this motion, but the record has no transcript of that hearing. The record reflects that the district court ruled the surveillance video would be admissible evidence at trial.

On December 5, 2019, the district court held a bench trial. At the beginning of the trial, Mallett renewed her objection to the surveillance video. Hutchinson, McKee, and Savage testified at the trial, but the State did not call Agnew as a witness.

Hutchinson testified that his duties at Walmart included watching video from surveillance cameras and copying video for law enforcement when necessary. He testified that he showed law enforcement surveillance footage of an altercation between Agnew and Mallett on March 23, 2019. The State handed Hutchinson State's Exhibit 1 and asked him what was on the video. Mallett objected based on lack of foundation, but the court overruled the objection. The State asked Hutchinson if the surveillance footage "truly and accurately" reflected what occurred on March 23, 2019, to which Hutchinson responded yes. The video was admitted into evidence and published.

McKee testified about being dispatched to the scene and about his investigation. McKee testified that the video showed Mallett strike Agnew on the outside of his head after some shoving. McKee also testified that he knew Mallett and Agnew had a child together based on previous calls and prior discussions with Mallett. Savage testified to her perception of the events, but she was unable to say who pushed first in the fight. The State rested and the defense put on no evidence. In closing argument, Mallett's attorney asserted that the State's evidence was insufficient to support the charge.

The district court found Mallett guilty of misdemeanor domestic battery. The district court sentenced Mallett to 6 months in jail but granted 12 months' probation. Mallett timely appealed the district court's judgment.

On appeal, Mallett does not challenge the sufficiency of the evidence to support her conviction. Instead, Mallett first claims that her constitutional rights were violated when she was not allowed to confront Agnew as a witness at trial. Second, she claims the district court erred in admitting the surveillance video because it was inadmissible

3

hearsay. Third, she claims the district court erred in finding that the State laid sufficient foundation to admit the surveillance video. We will address each of these claims in turn.

*Were Mallett's rights under the Confrontation Clause violated?*

Mallett claims her right to confront the witnesses against her, as guaranteed by the Sixth Amendment to the United States Constitution, was violated because Agnew, the complaining witness, did not testify at trial. She also claims the surveillance video was testimonial in nature and the State relied on the video to substitute for trial testimony, thereby violating her confrontation rights. We will consider these claims together. The State responds that Mallett has not established a violation of her right to confrontation.

Under the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." A defendant's right to confrontation "is violated if an unavailable declarant's testimonial statements are brought into evidence against a person without a prior opportunity to cross-examine that declarant." *State v. Logsdon*, 304 Kan. 3, 36, 371 P.3d 836 (2016) (citing *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 [2004]). We exercise unlimited review in deciding whether a defendant's rights under the Confrontation Clause of the Sixth Amendment have been violated. *State v. Johnson*, 297 Kan. 210, 224, 301 P.3d 287 (2013).

Mallett argues: "Every statement that Michael Agnew gave the police officer during the course of the investigation was clearly testimonial and [Mallet] had an absolute right to confront [him] at trial." The State agrees that Agnew's statements to police would be inadmissible absent his presence at trial. But the State argues that because Agnew's statements to police were not admitted at trial, there can be no Confrontation Clause violation.

4

As the State correctly asserts, Mallett's argument on this point fails because she misses a crucial requirement for a Confrontation Clause violation:  that the declarant's challenged statements were *admitted* at trial. Any statements Agnew made to police were not admitted at trial. Mallet includes Agnew's statements to police in the fact section of her brief, but those statements derive from the probable cause affidavit and not the evidence admitted at trial. At trial, McKee only testified that he interviewed Agnew, he did not testify to any statements Agnew made during that interview. In fact, only one statement attributed to Agnew was admitted at trial:  Savage's testimony that Agnew told Mallett that she was not going to fight with Savage. But Mallett did not object to that statement at trial and she does not challenge it now. Because none of Agnew's statements to police were admitted into evidence at trial, there can be no Confrontation Clause violation on this basis.

Mallett also argues that "the testimonial video was also used against [her] without the right to confront the witness." Mallet claims the video is testimonial because it shows Agnew speaking in the video, and "[s]imply because the audio is not available does not prove no assertive statements were being made." The State counters that no statements were made in the surveillance video because it lacked audio and so there can be no Confrontation Clause violation. Mallett's argument again misses a crucial requirement for a Confrontation Clause violation:  that an unavailable declarant make statements. Mallett concedes that Agnew made no audible statements in the video as the video lacked audio capabilities. Thus, her argument, as she correctly recognizes, hinges on Agnew's nonverbal actions.

While the United States Supreme Court has not addressed when nonverbal conduct could support a Confrontation Clause violation, a statement must be testimonial hearsay for the Confrontation Clause to apply. See *Davis v. Washington*, 547 U.S. 813, 821, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006) ("It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations

5

upon hearsay evidence, is not subject to the Confrontation Clause."). Other federal jurisdictions have applied the Federal Rules of Evidence's or the applicable state law's definition of a hearsay statement to determine when nonverbal conduct is hearsay. Those cases have found that nonverbal conduct must be an assertion to implicate the Confrontation Clause. See, e.g., *United States v. Kool*, 552 Fed. Appx. 832, 834 (10th Cir. 2014) (unpublished opinion) (citing Fed. R. Evid. 801[a] defining "statement" to include nonverbal conduct if it is intended as an assertion).

Under this reasoning, Mallett's argument fails because she does not identify any assertion made by Agnew's nonverbal conduct in the surveillance video. She simply argues that because Agnew can be seen speaking, he made assertions subject to the Confrontation Clause. But the surveillance video merely showed what occurred, including that the parties may have been speaking. A surveillance video merely showing what occurred does not implicate the Confrontation Clause. See *United States v. Taylor*, 688 Fed. Appx. 638, 642-43 (11th Cir. 2017) (unpublished opinion) (finding muted video footage of informant and defendant interacting did not constitute a testimonial statement implicating the Confrontation Clause because neither party made any assertions). Because Mallett points to no nonverbal assertions that would constitute statements implicating the Confrontation Clause, there can be no Confrontation Clause violation.

In sum, there were no verbal or nonverbal statements from Agnew admitted at trial that would be considered testimonial in nature under the landmark United States Supreme Court decisions in *Davis* and *Crawford*. As a result, Mallett's confrontation rights under the Sixth Amendment were not violated.

*Was the videotape inadmissible hearsay?*

Mallett argues that "[t]he videotape and all statements given to the police during the investigation are . . . hearsay offered to prove the truth of the matter asserted and no

showing was made that Michael Agnew was unavailable to testify." Mallet argues that the videotape was not like photographic evidence. The State counters that the video, which lacked audio, included no "statements" as required for evidence to be hearsay.

The parties agree that this court reviews a trial court's admission or exclusion of hearsay statements for an abuse of discretion. *State v. Randle*, 311 Kan. 468, 476, 462 P.3d 624 (2020). Hearsay evidence is "a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated." K.S.A. 2019 Supp. 60-460. A "[s]tatement" is defined as "not only an oral or written expression but also nonverbal conduct of a person intended by him or her as a substitute for words in expressing the matter stated." K.S.A. 60-459(a).

As in the first issue, Mallett's argument about Agnew's statements given to the police fails because no such statements were admitted into evidence. Mallett also cites no legal authority to support her claim that just because the video showed what happened at Walmart means that the video amounts to a substitution for words. Contrary to Mallett's argument, the surveillance video was no different from a photograph. A single photograph showing Mallett aggressively attacking Agnew would not be considered hearsay; likewise, the surveillance video with no audio does not amount to hearsay. For these reasons, Mallett's claim that the video was inadmissible hearsay fails.

*Did the district court err in finding the State laid sufficient foundation to admit the surveillance video?*

Mallett claims the district court erred in admitting the surveillance video over her foundation objection. Mallett argues that the State failed to present testimony that established "the video is what it was supposed to represent" because there was no testimony on the chain of custody and whether the video was a copy or an original.

Mallett also argues that McKee never testified to whether he reviewed the original or the copy, how the copy was kept, or its accuracy to the original.

The State argues there was sufficient foundation for the evidence because Hutchinson testified that it was his job to make videos and turn them over to law enforcement and that he copied the video in this case. The State argues that any issue over whether the video was a copy is irrelevant to foundation and is a best evidence challenge, which Mallett did not raise at trial.

This court reviews whether there was sufficient foundation for the admission of evidence for an abuse of discretion. *State v. Ernesti*, 291 Kan. 54, 64-65, 239 P.3d 40 (2010). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

The State laid sufficient foundation to admit the surveillance video. The Kansas Supreme Court has found sufficient foundation for admission of a surveillance recording when testimony established it accurately depicted what occurred at a certain place on a certain date. *State v. Pham*, 281 Kan. 1227, 1245, 136 P.3d 919 (2006). Hutchinson stated that he has worked as an asset protection employee at Walmart for nine years and one of his duties is to copy surveillance footage for law enforcement. Hutchinson testified that he copied the footage at issue for law enforcement, that he reviewed the footage the State proposed to admit as Exhibit 1, and that it accurately reflected what occurred on March 23, 2019. Thus, contrary to Mallett's assertion, the State elicited testimony that established the surveillance footage was what it purported to be. See *State v. Montgomery*, No. 120,992, 2020 WL 6533260, at *1-2 (Kan. App. 2020) (unpublished opinion) (discussing foundation necessary to admit surveillance video showing altercation between defendant and his girlfriend at Quik Trip parking lot).

Mallett's concerns regarding how the video was copied and who kept it do not undermine Hutchinson's testimony that the video accurately reflected what occurred on March 23, 2019. And she provides no authority to support her assertion that these other findings are required to establish foundation for a surveillance video. To the extent that she is trying to argue a violation of the best evidence rule, she cannot do so when she did not object on that ground at trial. *State v. Page*, 303 Kan. 548, 558, 363 P.3d 391 (2015) (finding a party may not object to the admission of evidence on one ground at trial and argue a different ground on appeal). Thus, the district court did not err in finding there was sufficient foundation to admit the surveillance footage.

Affirmed.