*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0165p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

>　　　　　　　　　*Plaintiff-Appellant,*

　　　*v.*

No. 07-6045

FRANCISCO RODRIGUEZ-LOPEZ,

>　　　　　　　　　*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00145—Jennifer B. Coffman, Chief District Judge.

Argued:  December 11, 2008

Decided and Filed:  May 6, 2009

Before:  KENNEDY, BATCHELDER, and DAUGHTREY, Circuit Judges.

_____

**COUNSEL**

**ARGUED:**  John E. Kuhn, Jr., ASSISTANT UNITED STATES ATTORNEY, Louisville, Kentucky, for Appellant.  David S. Mejia, LAW OFFICES, Louisville, Kentucky, for Appellee.  **ON BRIEF:**  John E. Kuhn, Jr., Terry M. Cushing, Monica Wheatley, ASSISTANT UNITED STATES ATTORNEYS, Louisville, Kentucky, for Appellant. David S. Mejia, LAW OFFICES, Louisville, Kentucky, for Appellee.

_____

**OPINION**

_____

ALICE  M.  BATCHELDER,  Circuit  Judge.    The  United  States  brings  this interlocutory appeal to challenge the district court's order excluding evidence of calls made to the defendant's cellular telephone shortly after his arrest.  The district court determined that the calls were hearsay under Federal Rule of Evidence 801(c) and that they did not fit within any exception to Rule 802's general preclusion of hearsay.  We hold that because the

government did not seek to prove the truth of any matter asserted by the callers, the district court erred in excluding evidence of the calls.

## I.

On October 13, 2006, an undercover Task Force Officer with the Drug Enforcement Administration ("DEA") arranged to purchase heroin from Omar Robles-Manguia ("Robles") in the parking lot of a suburban Louisville shopping center. When the officer arrived at the parking lot, he telephoned Robles. Robles asked the officer about a white van that "his people" had observed enter the lot after the officer. The officer denied any knowledge of the van, which in fact contained a team of agents poised for an arrest. Meanwhile, other agents conducting surveillance spotted a Hispanic male in a pick-up truck slowly circling the lot. A few minutes later, Robles walked across the parking lot and entered the undercover officer's vehicle. When Robles handed the officer two golf-ball-sized packages wrapped in black tape, the officer gave a prearranged signal and the agents moved in. As Robles was being placed under arrest, other officers stopped the man in the pick-up truck as he attempted to drive away.

Still at the arrest scene, Robles admitted that he had intended to sell approximately 56 grams of heroin to the officer for $9,000. He explained that the driver of the pick-up, Defendant-Appellee Francisco Rodriguez-Lopez ("Rodriguez"), had agreed to act as a lookout during the transaction and was to receive $4,000 of the proceeds. Special Agent Thomas Perryman talked to Rodriguez, who insisted that he knew nothing about any drug deal and denied that he had been circling the parking lot. While Perryman was talking to him, Rodriguez's cell phone rang repeatedly. Each of the ten times Perryman answered the phone, the caller was someone requesting heroin.

Charged with one count of conspiring to distribute heroin, Rodriguez filed a motion *in limine* to exclude evidence of the phone calls. The district court agreed with Rodriguez that the calls were inadmissible hearsay and granted the motion. The government filed a timely Notice of Appeal and a Certification under 18 U.S.C. § 3731 that its appeal was "not taken for purpose of delay and that the evidence ordered suppressed is a substantial proof of a fact material in the proceeding."

## II.

Generally, we review a district court's evidentiary rulings for abuse of discretion. *United States v. Guthrie*, 557 F.3d 243, 249 (6th Cir. 2009). Whether certain evidence constitutes hearsay, however, is a conclusion of law that we review de novo. *United States v. Young*, 553 F.3d 1035, 1045 (6th Cir. 2009).

As a general rule, hearsay is not admissible in federal courts. Fed. R. Evid. 802. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A statement offered as evidence of the bare fact that it was said, rather than for its truth, is not hearsay. *See Blair v. Henry Filters, Inc.*, 505 F.3d 517, 524 (6th Cir. 2007).

Because the district court did not conduct an evidentiary hearing, the record does not reveal exactly what the anonymous callers said to Agent Perryman. We do not even know whether the callers phrased their statements as declarations ("I want some heroin."), questions ("Can I get some heroin?"), or commands ("Bring me some heroin."). But whatever their grammatical mood, the statements are not hearsay because the government does not offer them for their truth. Indeed, if the statements were questions or commands, they could not — absent some indication that the statements were actually code for something else — be offered for their truth because they would not be assertive speech at all. They would not assert a proposition that could be true or false. *See United States v. Wright*, 343 F.3d 849, 865 (6th Cir. 2003) ("[A] question is typically not hearsay because it does not assert the truth or falsity of a fact."); *United States v. Thomas*, 451 F.3d 543, 548 (8th Cir. 2006) ("Questions and commands generally are not intended as assertions, and therefore cannot constitute hearsay." (citations omitted)). Even if the statements were assertions, the government offers them, not for their truth, but as evidence of the fact that they were made. The fact that Rodriguez received ten successive solicitations for heroin is probative circumstantial evidence of his involvement in a conspiracy to distribute heroin. *See Headley v. Tilghman*, 53 F.3d 472, 477 (1st Cir. 1995) (Questions from an unidentified caller were not admitted for their truth but as circumstantial evidence that the defendant used his beeper to receive requests for drugs).

The district court held that "the United States' own characterization of these statements — as attempts to prompt the defendant to act in a criminal manner — reveals that they contain implicit factual assertions about the declarants' alleged desire to buy heroin and about the declarants' belief that the defendant could supply the desired heroin." But the government did not offer the statements to prove the truth of those implicit assertions. Even if the callers had no real desire for the drug and no faith that Rodriguez could deliver it, the fact that he received ten of these calls is still evidence of his participation in a heroin-distribution conspiracy.

To be sure, the government seeks to introduce the calls because they support an inference that Rodriguez was involved in dealing heroin. This inference, however, does not depend on the callers' truthfulness, memory, or perception — the core credibility concerns that lie behind the hearsay rule. *See Williamson v. United States*, 512 U.S. 594, 598 (1994) (The hearsay rule "is premised on the theory that out-of-court statements are subject to particular hazards" which are "minimized for in-court statements[.]"). And the fact that out-of-court statements are being used to support a material inference does not by itself make them hearsay; it makes them relevant.

### III.

Because we hold that evidence of the calls made to Rodriguez's cell phone after his arrest does not constitute hearsay, we **REVERSE** the district court's order excluding that evidence and **REMAND** for further proceedings not inconsistent with this opinion.