239 P.3d 761

**STATE of Arizona, Appellee,**

v.

**Rodolfo CHAVEZ, Appellant.**

**No. 1 CA–CR 09–0496.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 30, 2010.

Terry Goddard, Attorney General by Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

---

James J. Haas, Maricopa County Public Defender by Terry J. Reid, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

SWANN, Judge.

¶ 1 Rodolfo Chavez appeals his conviction and sentence for Possession of Dangerous Drugs for Sale on the ground that the trial court abused its discretion by admitting, over his hearsay objection, text messages from callers seeking to buy drugs. Because we conclude that the text messages were admitted for a non-hearsay purpose, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The evidence at trial, viewed in the light most favorable to upholding the conviction,[1] was as follows. Police stopped Chavez at approximately midnight near Southern and Central Avenues in Phoenix because the license plate on the vehicle he was driving was not valid for highway use. They arrested him when they discovered that he was driving on a suspended license. In an inventory search of the vehicle, police discovered a baggie containing 790 milligrams of methamphetamine between the driver's seat and central console, a green camouflage bag containing a trace amount of methamphetamine and baggies (used for packaging drugs) on the floor in front of the passenger seat, and two cell phones on the front passenger seat. They also discovered a wallet, containing nearly $1,300 in various denominations, on the driver's seat. After reciting his Miranda[2] rights, police asked Chavez if he knew why he had been arrested. Chavez responded that the drugs were for "personal use."

¶ 3 Police subsequently retrieved text messages from the two cell phones found in the vehicle. Before trial, Chavez orally moved to preclude the admission of the text messages, in which the unidentified senders apparently sought to purchase drugs. Chavez argued

that the text messages constituted hearsay, because "[t]hey're statements to prove the fact of the matter asserted, and that is that my client was in possession and was attempting to sell drugs." The State argued that the text messages were not hearsay because they were statements of co-conspirators in furtherance of a conspiracy to sell drugs. The court agreed with the State, and ruled that the probative value of the text messages outweighed any prejudicial effect. At trial, an officer read to the jury six of the text messages, and testified that the messages were requests to purchase illegal drugs.

¶ 4 The jury convicted Chavez of Possession of Dangerous Drugs for Sale, and the court sentenced him to a mitigated term of seven years in prison. Chavez timely appeals. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12–120.21(A)(1), 13–4031 and – 4033(A)(1).

## DISCUSSION

¶ 5 We review a trial court's ruling on the admissibility of evidence over hearsay objections for abuse of discretion. *See State v. Tucker*, 205 Ariz. 157, 165, ¶ 41, 68 P.3d 110, 118 (2003). "We are obliged to affirm the trial court's ruling if the result was legally correct for any reason." *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984).

■ ¶ 6 We conclude that the text messages at issue were not hearsay—not because they were statements of co-conspirators, but because they were not offered in evidence to prove the truth of the matter asserted. The text messages at issue were as follows:

1) "Can you deliver a 'T' to the house?"[3]

2) "Hey, it's Mike. If you're up, can you at least let me get a 30 or 20, since you don't want to fix that thing from earlier?"

3) "It's Jessica. Just letting you know that I need a 60."

1. *See State v. Girdler*, 138 Ariz. 482, 488, 675 P.2d 1301, 1307 (1983).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Chavez does not challenge on appeal the trial court's admission of the response to this text message, which was: "Give me 30 minutes."

4) "What up? I was wondering if you can drop a little something off?"

5) "I just need a half."

6) "Can you deliver a 50-shot?"

The officer testified that the numbers in the text messages referred to a dollar amount of drugs, and "T" was a common term for a "teener," or 1.8 grams of illegal drugs.

¶ 7 Under the Arizona Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ariz. R. Evid. 801(c). A "statement" is further defined as either "an oral or written assertion" or "nonverbal conduct of a person, if it is intended by the person as an assertion." Ariz. R. Evid. 801(a). The advisory committee note to the federal rule defining hearsay, from which the Arizona rule was adopted verbatim,[4] explains: "The effect of the definition of 'statement' is to exclude from operation of the hearsay rule all evidence of conduct, verbal or nonverbal, not intended as an assertion. The key to the definition is that nothing is an assertion unless intended to be one." Fed.R.Evid. 801 advisory committee note to subdivision (a). The note further explains that evidence that "the person acted as he did because of his belief in the existence of the condition sought to be proved, from which belief the existence of the condition be inferred" is not hearsay. *Id.*

¶ 8 Put simply, words or conduct not intended as assertions are not hearsay even when offered as evidence of the declarant's implicit belief of a fact. *See generally United States v. Zenni,* 492 F.Supp. 464 (E.D.Ky. 1980) (reviewing history of treatment of implied assertions). *See also* 2 Kenneth S. Broun et al., *McCormick on Evidence* § 250, at 139–48 (6th ed. 2006) (discussing conduct as hearsay and implied assertions); 1 Joseph M. Livermore et al., *Arizona Practice: Law of Evidence* § 801.3, at 311–15 (4th ed. 2000) (discussing conduct as hearsay).

¶ 9 The text messages in this case were not offered to prove the truth of the matter they asserted—that the prospective buyers wanted to purchase drugs from Chavez. Rather, they were offered as circumstantial evidence that Chavez had drugs for sale. *See United States v. Giraldo,* 822 F.2d 205, 212–13 (2d Cir.1987) (holding that answering machine messages placing orders for "chicken" and "bread" were not hearsay and were admissible as circumstantial evidence that the defendant possessed cocaine for sale). The fact that multiple persons sent messages asking for drugs further supported an inference that those persons believed that Chavez had drugs for sale. We agree with the courts outside this jurisdiction that have followed this or similar reasoning in rejecting hearsay objections to out-of-court statements from unidentified persons asking to buy drugs from a defendant. *See, e.g., United States v. Rodriguez–Lopez,* 565 F.3d 312, 314–15 (6th Cir.2009) (holding that requests to purchase heroin were not hearsay because the government did not offer them for their truth, nor did they assert anything); *United States v. Oguns,* 921 F.2d 442, 448–49 (2d Cir.1990) (holding that unidentified caller's question, "Have the apples arrived there?" was properly admitted as non-hearsay because it was not an assertion); *United States v. Lewis,* 902 F.2d 1176, 1179 (5th Cir.1990) (holding that unidentified caller's question, "Did you get the stuff?" was not an assertion and therefore was not hearsay).

### CONCLUSION

¶ 10 For the foregoing reasons, we find no error in the trial court's admission of the text messages. Accordingly, we affirm Chavez's conviction and sentence.

CONCURRING: MARGARET H. DOWNIE, Presiding Judge and DONN KESSLER, Judge.

---

4. *See* Ariz. R. Evid. 801 historical note (identifying source as Fed.R.Evid. 801); *compare* Ariz. R. Evid. 801(a), (c) *with* Fed.R.Evid. 801(a), (c). *See also* 1 Joseph M. Livermore, Robert Bartels & Anne Holt Hameroff, *Arizona Practice: Law of*

*Evidence* § 101.1, at 2 (4th ed. 2000) ("The Supreme Court of Arizona adopted the Federal Rules of Evidence, with only a few changes, as the Arizona Rules of Evidence, effective September 1, 1977." (footnote omitted)).