NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CURTIS W. QUINERLY, *Appellant.*

No. 1 CA-CR 17-0233
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
No.  CR2015-124358-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

J O N E S, Judge:

¶1        Curtis Quinerly appeals his conviction for one count of misconduct involving weapons. Quinerly argues the trial court erred in (1) refusing to suppress evidence and testimony regarding the gun seized at the time of the traffic stop, and (2) providing a flight instruction to the jury at trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On May 27, 2015, while conducting surveillance for an unrelated burglary investigation, a Phoenix police sergeant observed and reported a Mercedes with a fictitious temporary license plate corresponding to a different model car.[1] After the vehicle parked in a nearby lot, a detective in a marked patrol car pulled in behind it and activated its lights. A passenger, later identified as Quinerly, immediately exited the car and began walking away. The detective told Quinerly to get back into the car, and Quinerly complied.

¶3        After talking with the driver, the detective asked Quinerly if he had spent any time in prison. Quinerly answered affirmatively, stating he had a prior felony conviction for aggravated battery out of Illinois. The detective asked Quinerly if he had a concealed weapon permit and Quinerly said, "no." The detective then asked Quinerly if he had any weapons, and Quinerly admitted having a gun in his pocket. The sergeant, who assisted the detective with the stop, removed the gun and placed him under arrest for illegally possessing a firearm.

---

[1]    We view the facts in the light most favorable to sustaining the trial court's rulings. *State v. Havatone*, 241 Ariz. 506, 509, ¶ 11 (2017) (reviewing motion to suppress) (citing *State v. Butler*, 232 Ariz. 84, 87, ¶ 8 (2013)); *State v. Rutledge*, 197 Ariz. 389, 390 n.1, ¶ 1 (App. 2000) (reviewing jury instructions) (citing *State v. Atwood*, 171 Ariz. 576, 596 (1992)).

¶4          The State charged Quinerly with one count of misconduct involving weapons.  Before trial, Quinerly filed a motion to suppress both his statements regarding the gun and the gun itself.  Quinerly argued the officers unlawfully seized him and elicited statements in violation of his state and federal constitutional rights. Relying upon *Miranda v. Arizona,* 384 U.S. 436 (1966), and the fruit of the poisonous tree doctrine, Quinerly argued all statements and physical evidence must be suppressed.   In response, the State agreed officers placed Quinerly in custody before on-scene questioning, but argued the questions did not rise to the level of custodial interrogation and the types of questions asked were proper under the public safety exception.   The trial court found Quinerly was not adequately warned prior to making incriminating statements and suppressed the statements but determined the gun was admissible because it would have been discovered even without Quinerly's admissions.

¶5          Quinerly also moved to preclude testimony that he attempted to evade arrest or flee the scene.  Quinerly argued this testimony would be unfairly prejudicial.   The trial court denied Quinerly's motion, noting "there is a standard jury instruction where the jury can infer consciousness of guilt from flight."  On the final day of trial, the State filed proposed jury instructions and requested the court provide the flight or concealment jury instruction. Quinerly objected, arguing the State provided no evidence that he ran away, hid, or concealed evidence.  Finding the State presented "evidence to support" such an instruction, the court included the flight instruction within the final jury instructions.

¶6          Following a three-day trial, the jury convicted Quinerly as charged, and the trial court sentenced him to the presumptive term of ten years' imprisonment.   Quinerly appealed,[2] and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

---

[2]      The State concedes the delay in filing the notice of appeal should not bar review, and we agree.  Although Quinerly absconded during trial, nothing within the record indicates the trial court informed Quinerly that a voluntary delay in sentencing could result in forfeiture of his right to appeal.  *See State v. Bolding*, 227 Ariz. 82, 88, ¶¶ 16-20 (App. 2011).

[3]      Absent material changes from the relevant date, we cite a statute's current version.

## DISCUSSION

### I.    Suppression of the Evidence

¶7        Quinerly argues the trial court erred by denying his motion to suppress the gun.  We review a ruling on the admissibility of evidence for an abuse of discretion and will affirm if the ruling is legally correct for any reason.  *See State v. Chavez*, 225 Ariz. 442, 443, ¶ 5 (App. 2010) (citing *State v. Tucker*, 205 Ariz. 157, 165, ¶ 41 (2003), and *State v. Perez*, 141 Ariz. 459, 464 (1984)).  Although both parties spend considerable time discussing whether Quinerly was in custody for purposes of *Miranda*, we need not address this issue because *Miranda* does not require exclusion of the physical fruits of a defendant's voluntary, unwarned statement.  *United States v. Patane*, 542 U.S. 630, 642-43 (2004) (plurality opinion).

¶8        Additionally, "[v]oluntariness and *Miranda* are two separate inquiries."  *State v. Montes*, 136 Ariz. 491, 494 (1983).  Quinerly did not raise the issue of voluntariness below or on appeal, and nothing within the record suggests his statements were made involuntarily.  *Cf. State v. Finn*, 111 Ariz. 271, 275 (1974) (holding a trial court is not required to *sua sponte* "determine possible involuntariness where the question of voluntariness is not raised either by the evidence or the defense counsel"); *State v. Snee*, 1 CA-CR 16-0731, 2018 WL 1631560, at *2, ¶ 10 (Ariz. App. Apr. 5, 2018) (holding neither the Constitution nor state statute "required the trial court to conduct a voluntariness hearing absent some objection by defendant").

¶9        Accordingly, we hold, pursuant to *Patane*, that suppression of the gun was not a remedy available to Quinerly under the circumstances presented here, even though his statements were unwarned.  Accordingly, the trial court's denial of Quinerly's motion to suppress the gun was legally correct.

### II.    Flight Instruction

¶10        Quinerly also argues the trial court erred in providing a flight instruction over his objection because it was unsupported by the evidence. The State argues that, even if this Court were to conclude the court erred in providing the instruction, the error was harmless.  An erroneous instruction is harmless error when, taken as a whole, "the trial evidence, arguments of counsel, and the [jury] instructions" demonstrate "beyond a reasonable doubt that the error did not contribute to or affect the verdict."  *State v. Solis*, 236 Ariz. 285, 287-88, ¶¶ 13-14 (App. 2014); *see also State v. Bible*, 175 Ariz.

549, 588 (1993) ("We must be confident beyond a reasonable doubt that the error had no influence on the jury's judgment.").

¶11      We decline to decide whether giving the flight instruction was error under the circumstances of this case because even if it were, the error would be harmless. The jury heard testimony that Quinerly had previously been convicted of a felony and that he had completed probation less than two years before a handgun was found in his pocket. The trial court instructed the jury that "if a person was convicted of any felony offense, the person may not file for the restoration of the right to possess or carry a gun or firearm for two years from the date of the person's discharge from probation." Although both officers testified that Quinerly left the vehicle immediately after the traffic stop was initiated, and the State and Defense both referred to the flight instruction during their closing arguments, the trial court instructed the jury that, "[r]unning away, hiding, or concealing evidence after a crime has been committed does not by itself prove guilt," and that "as [the jury] determine[d] the facts, . . . [it might] find that some instructions no longer appl[ied]." On this record, we are convinced beyond a reasonable doubt that the flight instruction did not contribute to or affect the verdict.

**CONCLUSION**

¶12      Quinerly's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA