NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADOLFO MARTIN VEGA, *Appellant.*

No. 1 CA-CR 17-0810
FILED 10-17-2019

Appeal from the Superior Court in Maricopa County
No. CR2014-001369-001
The Honorable Warren J. Granville, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza C. Ybarra
*Counsel for Appellee*

The Ferragut Law Firm, P.C., Phoenix
By Ulises A. Ferragut, Jr.
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

**M c M U R D I E**, Judge:

¶1          Adolfo Martin Vega appeals his convictions and sentences for five counts of sexual conduct with a minor, four counts of sexual abuse, three counts of sexual exploitation of a minor, and one count each of molestation of a child and luring a minor for sexual exploitation. Vega challenges the superior court's admission of sexually-themed text messages exchanged between Vega and the minor victim. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[1]

¶2          In a 14-count indictment, the State charged Vega with the offenses specified above, alleging they were committed between January 2007 and October 2012. Before trial, the parties litigated the admissibility of records obtained from Vega's cell phone carrier that reflected more than 1,000 text conversations between Vega and the victim. Some of the conversations were sexual, and all occurred during the eight days beginning October 14, 2012, and ending October 22. A third party reported the abuse to police on October 22, 2012. Three of the charged offenses also occurred during this time frame. Vega argued the records constituted inadmissible hearsay, and their admission would additionally violate his confrontation rights under the Sixth Amendment. Agreeing with the State, the court determined that the text messages from Vega were non-hearsay because they were made by, and offered against, an opposing party. *See* Ariz. R. Evid. 801(d)(2). In response to Vega's asserted confrontation rights, the State avowed to the court that the victim would testify about the text messages at trial.

---

[1]      We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Vega. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015).

**¶3** After narrowing the number of text-message exchanges it intended to introduce at trial, the State moved *in limine* for the court's permission to admit the sexually-themed messages. Vega agreed that the evidence was admissible under Arizona Rule of Evidence ("Rule") 404(b) or (c), and the court granted the State's motion. The court also permitted the State to introduce evidence of the high number of messages (although not the substance of all the messages) exchanged between Vega and the victim during the same time frame that Vega and his wife exchanged only 57 messages.

**¶4** The jury found Vega guilty as charged, and the superior court sentenced Vega to presumptive terms of imprisonment totaling 148 years, with 942 days' presentence incarceration credit. Vega timely appealed, and this court has jurisdiction under Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5** Vega argues the superior court erred by denying his motion *in limine* seeking to preclude the text messages he exchanged with the victim. Specifically, Vega asserts the text messages are not admissible as statements made by a party opponent because, according to Vega's trial testimony, he lost his cell phone on October 24, 2012, and therefore, he could not have been the individual who exchanged the text messages with the victim. Thus, Vega argues, without citation to authority, the court was required to conduct "a preliminary attribution examination." We review the superior court's admission of such evidence for an abuse of discretion. *State v. Chavez*, 225 Ariz. 442, 443, ¶ 5 (App. 2010); *State v. Beasley*, 205 Ariz. 334, 337, ¶ 14 (App. 2003).

**¶6** A proponent of evidence supplies a proper foundation by offering enough evidence to establish that the evidence is what the proponent claims it to be. Ariz. R. Evid. 901(a). When determining authentication, the superior court "does not determine whether the evidence is authentic, but only whether evidence exists from which the jury could reasonably conclude that it is authentic." *State v. Lavers*, 168 Ariz. 376, 386 (1991). Thus, a foundation exists when a witness testifies "that an item is what it is claimed to be." Ariz. R. Evid. 901(b)(1).

**¶7** Vega's argument is without merit. As noted, the record reflects the text messages at issue were exchanged between October 14, 2012, and October 22, 2012, *two days before* Vega claimed he lost his phone. Further, the victim identified at trial a printed copy of the text messages as

those between herself and Vega, and she explicitly confirmed that the phone numbers belonged to her cell phone and Vega's cell phone, respectively. She also identified sexually explicit nicknames the two used for each other in the messages. Sufficient evidence, therefore, exists for a jury to conclude the victim and Vega exchanged the text messages. Moreover, Vega identifies no evidence that someone else used his cell phone during the relevant dates. *See State v. Damper*, 223 Ariz. 572, 577, ¶ 19 (App. 2010). Accordingly, the superior court did not abuse its discretion by denying Vega's motion to preclude the messages.

**¶8**        Vega next argues the superior court erred by not instructing the jury to limit its use of the text-message evidence for purposes of Rule 404(b) or (c). Vega, however, did not request such an instruction, and the law is well-settled that "a trial court is not required, *sua sponte*, to give a limiting instruction on such evidence." *State v. Miles*, 211 Ariz. 475, 483, ¶ 31 (App. 2005) (citing cases). No error occurred.

**¶9**        Finally, Vega argues the superior court erroneously concluded the text messages were admissible under Rule 404(c) based on clear and convincing evidence that Vega participated in the text exchanges with the victim. According to Vega, the court was required to apply the "beyond a reasonable doubt" evidentiary standard, not "clear and convincing." Vega did not present this issue to the superior court—indeed, he agreed during the proceedings that the evidence was admissible under Rule 404(b) or (c)—thus, he is not entitled to relief absent fundamental error. *State v. Henderson,* 210 Ariz. 561, 567, ¶ 19 (2005).

**¶10**        The superior court did not err, fundamentally or otherwise. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (first step in fundamental error review is determining whether error occurred). Although beyond a reasonable doubt is the proper standard for determining guilt, clear and convincing evidence is the appropriate standard in Arizona for determining the admissibility of evidence under Rule 404(b) or (c). *State v. Goudeau*, 239 Ariz. 421, 444, ¶ 59 (2016); *see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (noting "the evidentiary standard [to determine admissibility] is unrelated to the burden of proof on the substantive issues, . . . [and] [t]he preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration" (internal citations omitted)). Vega provides no authority to the contrary.

## CONCLUSION

**¶11**        For the foregoing reasons, Vega's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA